# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOUYER,<br>    Plaintiff,<br><br>                    v.<br><br>LA PICO PLAZA, LLC, et al.,<br>    Defendants. | CV 20-1514 DSF (MRWx)<br><br>Order GRANTING Application for Default Judgment (Dkt. 15) |

   Plaintiff Anthony Bouyer moves for default judgment against Defendant LA Pico Plaza, LLC for violating the Americans with Disabilities Act (ADA), 42 U.S.C. § 12182, and California's Unruh Civil Rights Act, Cal. Civ. Code § 51. Dkt. 15-1 (Mot.). Plaintiff seeks injunctive relief, $4,000 in statutory damages, and $538 in costs. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The motion is GRANTED.

## I. FACTS AND BACKGROUND

   Plaintiff is paraplegic and "substantially limited in performing one or more major life activities," including "walking, standing, ambulating, and sitting." Dkt. 1 (Compl.) ¶ 1. As a result of his disabilities, Plaintiff requires a wheelchair for mobility. Id.

   On January 30, 2020, Plaintiff visited a Little Caesars located at 7611 White Oak Avenue, Reseda, California 91335 for the "dual purpose" of purchasing a beverage and testing the store's ADA compliance. Id. ¶¶ 2, 4, 8. The Little Caesars is a facility open to the public, a place of public accommodation, and a business establishment.

Id. ¶ 9. When Plaintiff visited the store, he found "no [ADA-compliant] designated parking spaces available for persons with disabilities" and "a built up curb ramp that projects from the sidewalk and into the access aisle" at an excessively steep grade. Id. ¶¶ 11-12. Plaintiff personally encountered these barriers. Id. ¶ 16. Plaintiff intends to return and patronize the Little Caesars but is deterred from doing so because of these barriers. Id. ¶ 19.

Plaintiff's counsel conducted a public records search and determined that Defendant owns the property in Reseda on which the Little Caesars is located. Id. ¶¶ 2-3; Dkt. 15-3 (Manning Decl.) ¶¶ 3-7, 10; Dkt. 15-6 (Ex. 4) (Public Records).

Plaintiff filed his Complaint on February 14, 2020, see Compl., and served the summons and complaint on Defendant on February 18, 2020, Dkt. 11. Plaintiff requested that the Clerk enter default against Defendant on April 20, 2020. Dkt. 12. The next day, the Clerk properly entered Defendant's default. Dkt. 13.

On June 22, 2020, following the Court's Order to Show Cause re Dismissal for Lack of Prosecution, Dkt. 14, Plaintiff filed the instant application for default judgment, Dkt. 15. Plaintiff served notice of the application on Defendant the same day. Manning Decl. ¶ 12.

## II. LEGAL STANDARD

Rule 55(b)(2) permits the Court to enter default judgment. The Court need not make detailed findings of fact in the event of default. Adriana Int'l Corp. v. Theoren, 913 F.2d 1406, 1414 (9th Cir. 1990). On entry of default, well pleaded allegations in the complaint regarding liability generally are deemed to be admitted. DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 851 (9th Cir. 2007). Allegations as to damages, however, must be proven. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

The Court considers several factors "in exercising discretion as to the entry of a default judgment includ[ing]: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim,

(3) the sufficiency of the complaint, (4) the sum of the money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### III. DISCUSSION

#### A.   Liability

The first Eitel factor weighs in Plaintiff's favor.  Plaintiff alleges that he would like to return to patronize the Little Caesars but is deterred from doing so until the barriers are removed.  Compl. ¶ 19.  Plaintiff has no means to obtain compliance with the ADA and Unruh Act other than through this litigation.  Plaintiff would therefore be prejudiced because he would continue to suffer discrimination on the basis of his physical disability.

The second and third Eitel factors also weigh in favor of granting default judgment.  Plaintiff seeks injunctive relief under the ADA and Unruh Act, statutory damages under the Unruh Act, and costs.  Compl., Prayer ¶¶ 1-4.[1]  To establish an ADA claim, a plaintiff must prove "(1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public

---

[1] Plaintiff's Complaint also seeks "[a]n additional award of $4,000.00 as deterrence damages for each violation." Compl., Prayer ¶ 3 (citing Johnson v. Guedoir, 218 F. Supp. 3d 1096 (E.D. Cal. 2016)).  However, Plaintiff does not address this request in his Motion, nor does his proposed judgment include deterrence damages.  See Dkt. 15-9.  To the extent Plaintiff seeks additional deterrence damages, that request is DENIED.  The Complaint also seeks reasonable attorneys' fees, Compl., Prayer ¶ 4, but neither the motion nor the proposed judgment requests fees, see Dkts. 15, 15-1, 15-9, and counsel does not comply with the Court's requirements for a fee application.  The Court, therefore, does not award attorneys' fees.

3

accommodations by the defendant because of [his] disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007).

First, Plaintiff alleges he is disabled within the meaning of 42 U.S.C. § 12102(a). Specifically, he is "substantially limited in performing one or more major life activities because he is paraplegic, including but not limited to: walking, standing, ambulating, and sitting" and "requires a wheelchair for mobility." Compl. ¶ 1; Dkt. 15-4 (Bouyer Decl.) ¶ 2. Section 12102(1)-(2)(a) defines "disability" as a physical impairment that "substantially limits one or more major life activities" including "walking." Therefore, Plaintiff is disabled within the meaning of the ADA.

Second, Plaintiff alleges that (1) Defendant owns the real property on which the Little Caesars is located, Compl. ¶¶ 2-3, and (2) the Little Caesars is open to the public, a place of public accommodation, and a business establishment, id. ¶ 9. Title III identifies "restaurant[s]" as places of public accommodation subject to the ADA. 42 U.S.C. § 12181(7)(B). Accepting these allegations as true, the Court finds Plaintiff has established that Defendant owns, leases, or operates a place of public accommodation.

Third, Plaintiff alleges that the lack of ADA-compliant curb ramps at Defendant's property constitutes an architectural barrier prohibited by 42 U.S.C. § 12182(b)(2)(A)(iv). Compl. ¶¶ 11-12. To prevail on this theory, Plaintiff must establish: "(1) the existing facility at the defendant's place of business [or property] presents an architectural barrier prohibited under the ADA and (2) the removal of the barrier is readily achievable." Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1008 (C.D. Cal. 2014) (alteration in original) (citation omitted).

Plaintiff's allegations, supporting declarations, and documentary evidence establish the first prong. Barriers are determined by reference to the ADA Accessibility Guidelines (ADAAG). See Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011). Plaintiff alleges (1) that Defendant's property has "a built up curb ramp that projects from the sidewalk and into the access aisle" contrary to

4

ADAAG § 406.5 and (2) that the angle of the curb ramp exceeds the maximum allowed under ADAAG § 405.2. Compl. ¶ 12; Bouyer Decl. ¶¶ 5-6; Dkt. 15-5 (Ex. 3) (Photographs); see ADAAG § 406.5 ("Curb ramps and the flared sides of curb ramps shall be located so that they do not project into vehicular traffic lanes, parking spaces, or parking access aisles. Curb ramps at marked crossings shall be wholly contained within the markings, excluding any flared sides"), § 405.2 ("Ramp runs shall have a running slope not steeper than 1:12.").[2]

For the second prong, it is generally accepted that Plaintiff bears "the initial burden of producing evidence that supports a finding that removal is readily achievable . . . ." McComb v. Vejar, No. 2:14-CV-00941-RSWL, 2014 WL 5494017, at *6 (C.D. Cal. Oct. 28, 2014) (citation omitted). Plaintiff alleges that the barriers identified are easily removable without much difficulty or expense, the barriers are identified by the Department of Justice as presumably readily achievable to remove, removal is in fact readily achievable, and in any event, alternative accommodations could be made if complete removal were not achievable. Compl. ¶ 23. Accepting these allegations as true, the Court finds Plaintiff has plausibly alleged removal would be readily achievable. Plaintiff's allegations are sufficient to satisfy the third element of a Title III discrimination claim, and he has stated a cause of action under the ADA.[3]

---

[2] The Complaint also alleges that "there were no designated parking spaces available for persons with disabilities that complied with the [ADAAG]." Comp. ¶ 11. However, it appears from the Complaint and Plaintiff's declaration that what made the parking spaces non-compliant was the non-compliant curb ramp. See Compl. ¶ 12; Bouyer Decl. ¶ 5; Photographs at 1-2. To the extent Plaintiff is attempting to assert a separate ADA violation for Defendant's lack of designated parking spaces, he has not established the merits of this claim.

[3] Because the Complaint properly pleads an ADA claim, Plaintiff also has properly pleaded his Unruh Act claim. See Cal. Civ. Code § 51(f) ("A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 shall also constitute a violation of this section." (citation

The remaining Eitel factors also weigh in favor of granting default judgment. Plaintiff seeks $4,000 in statutory damages and $538 in costs – an amount proportional to the alleged violations of federal and state anti-discrimination laws. Based on Plaintiff's factual allegations, the documentary evidence provided, and Defendant's failure to defend, the possibility of a dispute concerning material facts is slight. The record indicates that Defendant was properly served with the summons and complaint and the instant motion for default judgment. See Dkt. 10; Manning Decl. ¶ 12. The risk of excusable neglect is minimal. The policy favoring decisions on the merits does not weigh against entry of default judgment because Defendant has failed to respond to Plaintiff's Complaint, making a decision on the merits impossible.

Plaintiff is entitled to injunctive relief under the ADA and Unruh Act, and Defendant is ORDERED to remove all barriers identified in Plaintiff's Complaint, *i.e.*, to provide an accessible path of travel to the entrance of the property by removing or repairing the curb ramp projecting from the sidewalk into the access aisle and lowering the angle of the curb ramp to comply with ADA Standards at the Little Caesars located at 7611 White Oak Avenue, Reseda, California 91335.

### B. Damages, Attorneys' Fees, and Costs

Plaintiff requests $4,000 in statutory damages under the Unruh Act. Compl., Prayer ¶ 2; see Cal. Civ. Code § 52(a) (any person who "makes any discrimination or distinction contrary to [the Act] is liable for each and every offense for the actual damages . . . up to a maximum of three times the amount of actual damages but in no case less than four thousand dollars ($4,000) . . . ."). A plaintiff can recover damages by demonstrating that "violations of applicable California disability standards deterred him . . . on a particular occasion from attempting to enter a place of public accommodation." Botosan v. Paul McNally

---

omitted)); Lentini v. Cal. Ctr. for the Arts, Escondido, 370 F.3d 837, 847 (9th Cir. 2004) ("[A] violation of the ADA is, *per se*, a violation of the Unruh Act.").

Realty, 216 F.3d 827, 835 (9th Cir. 2000).  Here, Plaintiff has adequately pleaded that Defendant failed to provide compliant curb ramps in January 2020 when Plaintiff visited the store.  The Court GRANTS Plaintiff's request for $4,000 in statutory damages under the Unruh Act.

Having prevailed on the merits, Plaintiff is entitled to reasonable attorneys' fees and costs.  See Cal. Civ. Code § 52(a).  Plaintiff seeks costs of $538 for filing fees and service costs.  Manning Decl. ¶ 13.  The Court concludes that Plaintiff is entitled to recover his filing fee and the cost of service in the amount of $538.

## IV. CONCLUSION

Plaintiff's application for default judgment is GRANTED.  Plaintiff is awarded $4,000 in statutory damages and $538 in costs, for a total amount of $4,538.

IT IS SO ORDERED.

Date: July 21, 2020

_____
Dale S. Fischer
United States District Judge